UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:14-cr-00025-GFVT-HAI-10 |
| ) | |
| v. ) | |
| ) | |
| ROBERT BLAKE LOVELL, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1117.] For the reasons that follow, Judge Ingram's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant Robert Blake Lovell has been charged with violating the terms of his supervised release. [R. 1103.] Judge Amul Thapar entered Judgment against Mr. Lovell in October of 2015 following a guilty plea for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. [R. 726.] Mr. Lovell was sentenced to twenty-one months in prison, followed by an eight-year term of supervised release. *Id.* at 2–3. Mr. Lovell was released and began his term of supervision on December 1, 2015.

On December 19, 2019, the United States Probation Office (USPO) informed the Court that Mr. Lovell had recently submitted a urine sample that tested positive via an instant test for methamphetamine and opiates. [R. 1117 at 2.] The USPO did not seek revocation at that time, but the probation officer placed Mr. Lovell on an increased drug-testing scheduling and ordered Mr. Lovell to complete an outpatient substance abuse program. [R. 1006.]

Mr. Lovell's first revocation proceedings began on February 4, 2020, following Mr. Lovell's admitted use of methamphetamine. [R. 1014.] Mr. Lovell admitted to a Grade C violation for illegally possessing or using a controlled substance and a Grade B violation for committing the crime of drug possession. *Id.* Mr. Lovell was sentenced to six months of imprisonment to be followed by four years of supervised release. [R. 1028.] Mr. Lovell was released and began his second term of supervision on August 21, 2020.

On June 11, 2021, the USPO reported that Mr. Lovell failed to attend a scheduled appointment with Cumberland River Comprehensive Care and, on the same date, tested positive for the use of methamphetamine via instant test. [R. 1082.] The probation officer recommended that no action be taken at that time, and this Court approved that request. *Id.*

The USPO issued the Supervised Release Violation Report on August 16, 2021, that initiated these proceedings. [R. 1117 at 3.] During a personal contact visit with Mr. Lovell, a urine screen was collected that tested positive for methamphetamine. *Id.* Mr. Lovell stated that he had gone out of state on his honeymoon and "partied too hard." *Id.* at 4. Before his trip, Mr. Lovell had failed to instruct his probation officer with the dates and accommodations for the trip as the officer had requested. *Id.* Based on this encounter, the Probation Officer's Report alleges the following three violations: (1) a Grade C violation for unlawful possession of a controlled substance; (2) a Grade B violation for violating a local, state, or federal crime (Mr. Lovell's use and possession of methamphetamine, given his prior conviction, constitutes a Class E felony pursuant to 21 U.S.C. § 844(a) in light of the Sixth Circuit's decision that use is equivalent to possession); and (3) a Grade C violation for failing to receive permission to leave the federal judicial district where he is authorized to reside without first getting permission from the court or probation officer. *Id.*

On September 2, 2021, Judge Ingram conducted an initial appearance with Mr. Lovell pursuant to Rule 32.1. [R. 1112.] At the hearing, Mr. Lovell was advised of his rights, as well as the nature and circumstances of his alleged violations. *Id.* Mr. Lovell, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* The United States made an oral motion for interim detention and Mr. Lovell did not request release. *Id.* Given the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Lovell to the custody of the United States Marshal. *Id.*

On September 10, Judge Ingram conducted the final hearing. [R. 1115.] At the hearing, Mr. Lovell entered a knowing, voluntary, and intelligent stipulation as to all three violations. *Id.* Judge Ingram found that Mr. Lovell was competent to stipulate to the violations and that the stipulation was competently, knowingly, and voluntarily and intelligently entered into and was consistent with the advice of counsel. *Id.* Therefore, for the purposes of Rule 32.1 proceedings, Mr. Lovell admitted the factual basis for the violations as described in the Report and Addendum and established all three violations under the standard for § 3583(e). [R. 1097 at 4.] At the hearing, the Government requested revocation with eleven months of imprisonment, with no supervision to follow, and the defense requested six months with no supervision to follow. *Id.*

## II

After the hearing, Judge Ingram carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Ingram also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction. Mr. Lovell's underlying conviction is a Class C felony, and this results in a two-year maximum period of incarceration

3

following revocation pursuant to § 3583(e)(3). *Id.* at 5.

Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Lovell's criminal history category of II (at the time of his original conviction in this District) and admitted Grade B violation,[1] that Mr. Lovell's range of revocation is six to twelve months. *Id.* at 6. A court is permitted to reimpose supervised release, following revocation, for a maximum period that subtracts any term of incarceration imposed because of a violation. *See* 18 U.S.C. § 3583(k). Mr. Lovell's conviction, however, does not carry a maximum term of supervised release. [R. 1117 at 6 (citing 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C).]

In determining the appropriate revocation term of imprisonment, Judge Ingram considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range. *Id.* at 8. Judge Ingram noted that, regarding the nature and circumstances of the underlying offense and need to deter criminal conduct, Mr. Lovell pleaded guilty to participation in a wide-ranging conspiracy involving heroin, though Mr. Lovell does not appear to have been a major player in the operation. *Id.*

Judge Ingram next considered Mr. Lovell's history and characteristics and the need to deter criminal conduct and protect the public. *Id.* Judge Ingram noted that Mr. Lovell was once successful on supervision for four years. *Id.* at 8–9. Furthermore, Mr. Lovell has received outpatient treatment for the past couple of years and "has been a hard worker and has progressed through the ranks at this job." *Id.* at 9. Furthermore, he has recently gotten married and continues to pursue custody of his children. *Id.* As for the factor concerning opportunities for education and treatment, Judge Ingram noted that neither side argued for additional drug-abuse

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.2(b).

Case: 6:14-cr-00025-GFVT-HAI Doc #: 1125 Filed: 09/29/21 Page: 5 of 6 - Page ID#: 3664

or mental-health treatment for Mr. Lovell. *Id.* Judge Ingram found that the primary wrong in the context of supervised release is the violation of the Court's trust. *Id.* at 9. Here, the breach of trust is significant because this is Mr. Lovell's fourth set of violations, and his prior revocation with six months of imprisonment did not deter Mr. Lovell from committing subsequent violations. *Id.*

Finally, Judge Ingram found that the requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines Range. *Id.* at 8. Here, Judge Ingram is recommending a sentence between the two parties' recommendations that is within the sentencing guidelines range. *Id.*

Ultimately, Judge Ingram made the following recommendations: (1) Mr. Lovell be found guilty of all three violations in the Report; and (2) Mr. Lovell's term of supervision be revoked and he be given a nine-month term of imprisonment with no supervision to follow; and (3) Mr. Lovell be placed in the facility closest to home so he can maintain contact with family members. *Id.* at 10.

Judge Ingram's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 10; *see* 28 U.S.C. § 636(b)(1). The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe. *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985). Mr. Lovell has not filed any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution. [R. 1122.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no

objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Robert Blake Lovell **[R. 1117]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Lovell is found **GUILTY** of the three violations contained in the Report;

3. Mr. Lovell's period of supervised release is **REVOKED**, and he shall serve a term of imprisonment of nine months with no additional supervision to follow; and

4. The Court **RECOMMENDS** to the Bureau of Prisons that Mr. Lovell be placed in the facility closest to his home so that he can maintain contact with family members. This the 29th day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge